UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIRANT NEW YORK, L.L.C.,<br><br>                 Plaintiff,<br><br>vs.<br><br>LOCAL UNION NO. 503 OF THE<br>INTERNATIONAL BROTHERHOOD OF<br>ELECTRICAL WORKERS,<br><br>                 Defendant | Civil Action No.: 07-CV-4166<br><br><br>**ANSWER AND COUNTERCLAIM** |

Defendant, Local 503 of the International Brotherhood of Electrical Workers, by way of Answer to the Complaint, does hereby state:

1.  Defendant admits the allegations contained in paragraph 1 of the Complaint.

2.  Defendant admits the allegations contained in paragraph 2 of the Complaint.

3.  Defendant admits the allegations contained in paragraph 3 of the Complaint.

4.  Defendant admits the allegations contained in paragraph 4 of the Complaint.

5.  Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.  Defendant admits the allegations contained in paragraph 6 of the Complaint.

7.  Defendant denies the allegations contained in paragraph 7, but admits that the collective bargaining agreement contains provisions that contractually require Plaintiff Mirant to provide specific retirees retirement benefits, both medical and income, which benefits Mirant, on its own initiative, decided to form various programs to provide such benefits, these being the Mirant New

1

York, Inc. bargaining unit pension plan, the Mirant New York traditional pension program, the new retirement program and the employee savings plan (401K Plan).

8.  Defendant admits the allegations contained in paragraph 8, but also states that Mirant bargaining unit employees also participate in a defined contribution plan.

9.  Defendant admits that Mirant, pursuant to the collective bargaining agreement, has agreed to provide bargaining unit employees with both defined benefit and defined contribution retirement benefits, with eligibility to participate being dependent upon certain provisions of the collective bargaining agreement.

10.  Defendant denies the allegations contained in paragraph 10 of the Complaint, but admits that the Trustees of the Mirant Service Pension Plan publish and distribute a pension summary plan description.

11.  Defendant admits the allegations contained in paragraph 11 of the Complaint.

12.  Defendant admits the allegations contained in paragraph 12, but further states that the Trustees of the Plan do not have any role or responsibility for administration of the collective bargaining agreement or providing all benefits or obligations set forth within the terms and provisions of the collective bargaining agreement.

13.  Defendant admits the allegations contained in paragraph 13, but state that the Retirement Board does not administer the terms and conditions of the collective bargaining agreement and holds no obligation to provide benefits as provided for within the terms and conditions of the collective bargaining agreement, but that such obligation is clearly placed upon the parties to the collective bargaining agreement.

14.  Defendant admits the allegations but states further that the terms of retirement as set

2

forth in the collective bargaining agreement, which may not be provided for within the retirement plans nevertheless remain valid as obligations imposed upon between the parties of the collective bargaining agreement.

15.  Defendant admits the allegations contained in paragraph 15 of the Complaint.

16.  Defendant admits the allegations contained in paragraph 16 of the Complaint.

17.  Defendant admits the allegations contained in paragraph 17 of the Complaint.

18.  Defendant admits the allegations contained in paragraph 18 of the Complaint and further states that the supplement of $600.00 is provided for in the collective bargaining agreement, which supplement provision was intended by the parties to mirror image the supplement provided for by the previous employer, Orange and Rockland Utilities.

19.  Defendant denies the allegations contained in paragraph 19 of the Complaint.

20.  Defendant is without sufficient information to admit or deny the allegation concerning the information Mirant provided to MacDonald and, accordingly, for the purposes of answer hereby enters a denial.

21.  Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 21 and accordingly, for purposes of answer, hereby enters a denial, but does state that MacDonald did, sometime during the winter months of 2006, commenced receiving a retirement benefit under the Disability Retirement provisions.

22.  Defendant denies the allegations contained in paragraph 22 of the Complaint, but admit that MacDonald was not paid the supplement to which he was entitled.

23.  Defendant is without sufficient information or belief to admit or deny whether MacDonald filed an appeal with the Mirant plan and accordingly, for the purposes of answer, enters

3

a denial.

24. Defendant admits the allegations contained in paragraph 24 of the Complaint.

25. Defendant admits the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27, but admits that this paragraph, which contains excerpts from Appendix D of the collective bargaining agreement, have been accurately reproduced.

28. Defendant admits the allegations contained in paragraph 28 of the Complaint.

29. Defendant admits the allegations contained in paragraph 29 and further states that Mirant and its predecessor, Southern Energy, New York, through collective bargaining, made commitments to replicate the Orange and Rockland Utilities Retirement Program, which program included the $600.00 per month supplement which applied to both early retirement and disability retirement.

30. Defendant is without sufficient information or belief to admit or deny the allegations set forth in paragraph 30 and, accordingly, enter a denial.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant admits the allegations contained in paragraph 32 of the Complaint.

33. Defendant admits the allegations contained in paragraph 33 of the Complaint, but further states that Defendant and Plaintiff have entered into an agreement to pend further processing of the grievances until resolution of this litigation.

34. Defendant admits that paragraph 34 sets forth Mirant's contentions in objection to the arbitration.

35. Defendant admits the allegations contained in paragraph 35 of the Complaint.

36. Defendant is without sufficient knowledge or belief as to who filed an appeal before the Mirant Benefit Committee or what information, if any, was submitted to the Committee, but do admit that from the record it appears that an appeal had been submitted.

37. Defendant admits the allegations contained in paragraph 37.

38. Defendant admits the allegations contained in paragraph 38.

39. Defendant is without sufficient information or belief to know what company records the Plan Administrator reviewed or examined, but admits that the Plan Administrator contends that Bakker was "rehired" by Mirant on October 20, 2000 when, in fact, Bakker was actually reinstated to former employment.

40. Defendant admits the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 and further states that Bakker was not "re-hired" but was in fact "reinstated" after the June 1, 2000 date and, accordingly, was not a new hire.

42. Defendant admits the allegations contained in paragraph 42.

43. Defendant denies the allegations contained in paragraph 43, but states that the Plan Administrator has taken the position that Bakker was "re-hired" after June 1, 2000 and, accordingly, took the position that Bakker was not entitled to receive a supplement.

44. Defendant is without sufficient knowledge or belief to admit or deny whether Bakker filed an appeal to the Plan Administrator and, accordingly, for the purposes of answer, enters a denial.

45. Defendant admits that it filed a grievance on behalf of its member, Menlo Bakker.

46. Defendant admits that the allegations set forth in paragraph 46 contains extracted

portions of Appendix D of the collective bargaining agreement.

47. Defendant admits the allegations but states that Bakker had not been re-hired by Mirant but rather had been "reinstated".

48. Defendant admits the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint and states that its claim is based upon the collective bargaining relationship and the terms of the collective bargaining agreement and the Company's records concerning the reinstatement of Menso Bakker, whereas Bakker has always been treated as an employee who has been reinstated and not re-hired and has received recognition of the continuation of seniority as a reinstated employee. Defendant further states that independent of the pension plan, Mirant has both a collective bargaining relation and collective bargaining agreement obligations to the Defendant Union and its members and that errors in the Company's records have apparently negatively affected the rights of Defendant's member.

50. Defendant admits the allegations contained in paragraph 50 of the Complaint.

51. Defendant admits the allegations contained in paragraph 51 of the Complaint.

52. Defendant admits the allegations contained in paragraph 52 of the Complaint.

53. Defendant admits the allegations contained in paragraph 53 of the Complaint.

54. Defendant is without sufficient information to admit or deny who filed an appeal on behalf of Menlo Bakker and accordingly enters a denial, but admits that an appeal had apparently been filed. Defendant is without information or belief regarding what information was submitted in support of the appeal.

55. Defendant admits the allegations contained in paragraph 55 of the Complaint.

56. Defendant re-alleges its answers to paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57. Defendant admits the allegations contained in paragraph 57 of the Complaint.

58. Defendant admits the allegations contained in paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. Defendant admits the allegations contained in paragraph 61 of the Complaint.

62. Defendant states that a case in controversy exists which requires a determination by the Court as to whether or not matters currently pending in arbitration should go forward.

63. Defendant denies the allegations contained in paragraph 63 of the Complaint.

64. Defendant herein religious all of its answers to paragraphs 1 through 63 of the Complaint as if fully set forth herein.

65. Defendant denies the allegations contained in paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in paragraph 66 of the Complaint.

67. Defendant admits the allegations contained in paragraph 67 of the Complaint.

68. Defendant states that a request for injunction is now currently moot as the parties have entered into an agreement to restrain all processing of the two subject grievances until a litigation has been completed.

## AFFIRMATIVE DEFENSES

1. The collective bargaining agreement, independent of any independently operated Mirant pension or other retirement plans, establishes obligations owed by Mirant to Defendant Union and its members, which obligations include but are not limited to the classification of an employee as

to whether he has been "re-hired" or "reinstated". Further, the parties, through collective bargaining entered into agreement that Mirant, and its predecessor, would provide a "mirror image" duplication of retirement benefits to the Mirant bargaining unit employees, one such benefit being a supplement to the retirement benefit which is to be paid to employees who elect both early retirement and disability retirement.

## COUNTERCLAIM

Defendant/Counterclaimant Plaintiff, Local 503 of the International Brotherhood of Electrical Workers, by way of Complaint against Mirant New York, LLC does hereby state:

1. This is an action brought pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. Section 185 (LARA), seeking to compel Plaintiff/Counterclaiming Defendant, Mirant, to arbitrate two pending grievances.

2. Local 503 of the International Brotherhood of Electrical Workers, hereinafter referred to as the Union, is an unincorporated labor organization within the meaning of Section 2(5) of the Labor Management Relations Act, supra, 29 U.S.C. Section 152(5).

3. Plaintiff/Counterclaimant Defendant, Mirant, hereinafter referred to as Mirant, is a Delaware corporation that produces and sells electricity from generation stations located in the State of New York. Mirant is an employer in an industry affecting commerce within the meaning of Section 2(2) of the Labor Management Relations Act, supra, 29 U.S.C.A. Section 152(2).

4. Jurisdiction of this matter is conferred on the Court by 28 U.S.C.A. Section 1331 and 29 U.S.C.A. Section 185(a) and (c).

5. Both Union and Mirant have offices and conduct business in the State of New York, within the geographic delineations of this Court District and accordingly venue is proper in this

Court pursuant to 28 U.S.C.A. Section 1391 and 29 U.S.C.A. Section 185(a) and (c).

6. The Union and Mirant have been parties to a series of collective bargaining agreement. The current agreement, which commenced on June 1, 2003 and is scheduled to expire on June 1, 2008, hereinafter referred to as the CBA. Southern Energy of New York, herein SENY, is a predecessor Company to Mirant New York, L.L.C. SENY established a collective bargaining relationship with Union upon its purchase of the generation stations from Orange & Rockland Utilities, and entered into a collective bargaining agreement with Union.

7. The current CBA and previous CBAs generally covers rates of pay, hours of work and other terms and conditions of employment which are to be paid to employees employed in the collective bargaining unit.

8. At Article 9 of the collective bargaining agreement, the parties entered into an arrangement for the resolution of disputes or differences which arise between Mirant and the Union during the term of the collective bargaining agreement. This provision is known as the grievance and arbitration article.

9. At Article 9.1 the parties agreed that "should any dispute or difference arise between the Company and the Union or employees covered by this Agreement as to the interpretation, application or operation of any provision of this Agreement, both parties shall endeavor to settle same in the simplest and most direct manner". The provision then continues to set forth a three step process for discussion of the grievance and should the grievance not be resolved by the parties through mutual discussions, then the provision provides for the dispute to be resolved in arbitration before the American Arbitration Association.

10. The Local 503 bargaining unit contains, or contained, individuals known as Menso

9

Bakker and Robert MacDonald.

11.  A dispute arose concerning payment of a supplemental retirement benefit Robert MacDonald contends he is entitled as a result of his employment within the bargaining unit.  The collective bargaining agreement provides that employees in the bargaining unit under certain circumstances are to be paid a supplemental benefit.  Employee MacDonald consulted with his Union, Local 503.  The product of such discussions was the filing of a grievance under Article 9 of the collective bargaining agreement.

12.  Menso Bakker requested that the Mirant Benefit Plans provide him with a calculation of his benefit rights which would be available to him upon his retirement.  The response to his inquiry, the Benefit Funds advised him that according to their records, which were provided to the Benefit Fund by Mirant, Bakker was to be treated as a "new hire" with a new hire date being set at October 2, 2000.

13.  Employee Bakker was originally hired on March 12, 1985 by Orange and Rockland Utilities, a company that operated the generating station prior to the asset purchase by Southern Energy of New York.  Upon the purchase of the power plant by Southern Energy of New York, Mr. Bakker, on May 13, 2000 elected to return to work for Orange and Rockland Utilities.

14.  On October 2, 2000, Mr. Bakker sought to return to employment with Southern Energy of New York.

15.  Southern Energy of New York agreed to reinstate employee Bakker and provided him with recognition of full seniority back to his original 1985 date, such that he was recognized as enjoying full seniority will all rights which arise through such seniority.

16.  Since his reinstatement, employee Bakker has always been treated as an employee with

a seniority date of 1985, that is until his receipt of the proposed pension calculation which, for the first time, indicated that he was being classified as a "new hire". Employee Bakker contends that Mirant has misclassified his status.

17. Employee Bakker consulted with Local 503 and as a product of such consultation a grievance was filed pursuant to Article 9 of the collective bargaining agreement.

18. Both the MacDonald grievance and the Bakker grievance were processed through all of the preliminary steps of the grievance procedure as specified with Article 9 of the collective bargaining agreement.

19. As both grievances were unable to be settled between the parties, Local 503, pursuant to the collective bargaining agreement, submitted each matter for arbitration before the American Arbitration Association.

20. Mirant has refused to participate in the arbitrations of the Bakker grievance and the MacDonald grievance.

21. The Union is entitled to have its disputes under the collective bargaining agreement resolved through the contractually agreed upon method for dispute resolution which is arbitration before the American Arbitration Association.

22. A Judgment and Order should be issued compelling Mirant to proceed in arbitration on the grievances concerning MacDonald and Bakker.

WHEREFORE, based on the foregoing, Defendant/Counterclaiming Plaintiff, Local 503, International Brotherhood of Electrical Workers, respectfully asks the Court to grant the following relief.

A. An Order compelling Mirant to proceed to arbitration before the American Arbitration

11

Association on the Bakker grievance.

     B.  An Order compelling Mirant to proceed to arbitration before the American Arbitration

Association on the MacDonald grievance.

     C.  Judgment dismissing Mirant's Complaint in its entirety.

     D.  An award of costs and attorney's fees to Local 503.

     E.  Any such other relief as the Court find appropriate.

By: _____
      PAUL A. MONTALBANO, ESQ.
      1700 Galloping Hill Road
      Kenilworth, New Jersey 07033
      Attorneys  for  Defendant/Counterclaimant
      Plaintiff, Local 503, IBEW

By: _____
      ROBERT DEMBIA, ESQ.
      350 Broadway, Suite 210
      New York, New York
      Local Counsel for Defendant/Counterclaimant
      Plaintiff, Local 503, IBEW