IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIRANT NEW YORK, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LOCAL UNION NO. 503 OF ) <br> THE INTERNATIONAL ) <br> BROTHERHOOD OF ELECTRICAL ) <br> WORKERS, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 07-CV-4166 (LAP) |

PLAINTIFF MIRANT NEW YORK, LLC'S ANSWER TO
DEFENDANT'S COUNTERCLAIM

COMES NOW Plaintiff Mirant New York, LLC ("Plaintiff" or "Mirant NY"), by and through counsel, and submits its Answer to Defendant's Counterclaim filed in the above-referenced action as follows:

1.

Plaintiff admits that Defendant purports to bring a Counterclaim to compel arbitration under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA").

2.

Plaintiff admits the allegation contained in Paragraph 2 of the Counterclaim.

3.

Plaintiff admits the allegations contained in Paragraph 3 of the Counterclaim.

4.

Plaintiff admits that Defendant invokes the jurisdiction of this Court over its Counterclaim. To the extent that Paragraph 4 of Defendant's Counterclaim states any legal conclusions, no response by Plaintiff is required.

5.

Plaintiff admits that it makes and sells electricity from generation facilities located in the state of New York, and that Defendant invokes the jurisdiction of this Court over its Counterclaim. To the extent that Paragraph 5 of Defendant's Counterclaim states any legal conclusions, no response by Plaintiff is required.

6.

In response to Paragraph 6 of Defendant's Counterclaim, Plaintiff admits that Plaintiff and Defendant have negotiated two collective bargaining agreements and that the most recently negotiated agreement between the parties is the current agreement in effect by its terms from June 1, 2003 until June 1, 2008 ("the CBA"). Except as so admitted, Plaintiff denies the allegations contained in Paragraph 6 of the Counterclaim.

7.

In response to Paragraph 7 of Defendant's Counterclaim, Plaintiff admits that the CBA covers rates of pay, hours of work and other terms and conditions of employment of certain operations and maintenance employees working at Plaintiff's generation facilities in the state of New York. Except as so admitted, Plaintiff denies the allegations contained in Paragraph 7 of the Counterclaim.

8.

Plaintiff denies the allegations contained in Paragraph 8 of the Counterclaim.

- 3 -

9.

In response to Paragraph 9 of Defendant's Counterclaim, Plaintiff admits that Article 9.1 of the CBA states: "Should any dispute or difference arise between the Company and the Union or employees covered by this Agreement as to the interpretation, application or operation of any provision of this Agreement, both parties shall endeavor to settle same in the simplest and most direct manner." Except as so admitted, Plaintiff denies the allegations contained in Paragraph 9 of the Counterclaim.

10.

Plaintiff admits the allegations contained in Paragraph 10 of the Counterclaim.

11.

Plaintiff admits that in February or March 2006, Defendant filed Grievance No. LV-11-06 on behalf of Robert MacDonald. Except as so admitted, Plaintiff denies the allegations contained in Paragraph 11 of the Counterclaim.

12.

In response to Paragraph 12 of Defendant's Counterclaim, Plaintiff admits that in March 2006, Menso Bakker requested an estimate of his early retirement benefit under the Mirant Services Pension Plan for Bargaining Unit Employees. Except as so admitted, Plaintiff denies the allegations contained in Paragraph 12 of the Counterclaim.

13.

Plaintiff denies the allegations contained in Paragraph 13 of the Counterclaim.

14.

Plaintiff denies the allegations contained in Paragraph 14 of the Counterclaim.

LEGAL02/30451778v1

15.

Plaintiff denies the allegations contained in Paragraph 15 of the Counterclaim.

16.

Plaintiff denies the allegations contained in Paragraph 16 of the Counterclaim.

17.

Plaintiff admits that in March or April 2006, Defendant filed Grievance No. HYD-01-06 on behalf of Menso Bakker.  Except as so admitted, Plaintiff denies the allegations contained in Paragraph 17 of the Counterclaim.

18.

In response to Paragraph 18 of Defendant's Counterclaim, Plaintiff admits that the parties attempted to resolve the disputes concerning the MacDonald and Bakker pension benefit determinations.  Except as so admitted, Plaintiff denies the allegations contained in Paragraph 18 of the Counterclaim.

19.

In response to Paragraph 19 of Defendant's Counterclaim, Plaintiff admits that Defendant has requested arbitration of the MacDonald and Bakker grievances before the American Arbitration Association.  Except as so admitted, Plaintiff denies the allegations contained in Paragraph 19 of the Counterclaim.

20.

Plaintiff admits the allegations contained in Paragraph 20 of the Counterclaim.

21.

Plaintiff denies the allegations contained in Paragraph 21 of the Counterclaim.

LEGAL02/30451778v1

22.

Plaintiff denies the allegations contained in Paragraph 22 of the Counterclaim.

Except as expressly admitted herein, Plaintiff denies all allegations set forth in the Counterclaim and further denies that Defendant is entitled to any of the relief set forth in the Prayer for Relief.

Dated: July 17, 2007

                Respectfully submitted,

                <u>s/ Charles A. Gartland II</u>
                Charles A. Gartland II
                (admitted *pro hac vice*)
                chuck.gartland@alston.com
                Forrest W. Hunter
                (admitted *pro hac vice*)
                forrest.hunter@alston.com
                ALSTON & BIRD LLP
                1201 West Peachtree Street
                Atlanta, GA 30309-3424
                Telephone: 404-881-7000
                Facsimile: 404-881-7777

                Piret Loone (PL 6597)
                piret.loone@alston.com
                ALSTON & BIRD LLP
                90 Park Avenue
                New York, NY 10016-1387
                Telephone: 212-210-9400
                Facsimile: 212-210-9444

                *Counsel for Plaintiff Mirant New York, LLC*

LEGAL02/30451778v1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIRANT NEW YORK, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LOCAL UNION NO. 503 OF ) <br> THE INTERNATIONAL ) <br> BROTHERHOOD OF ELECTRICAL ) <br> WORKERS, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 07-CV-4166 (LAP) |

CERTIFICATE OF SERVICE

    I hereby certify that on July 17, 2007, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Piret Loone, Forrest W. Hunter, and Charles A. Gartland II, counsel for Plaintiff; Paul A. Montalbano, counsel for Defendant.

    I further certify that on July 17, 2007, a true copy of the foregoing document was mailed, via first-class mail, postage pre-paid to the following non-CM/ECF participants:

    Robert Dembia
    350 Broadway, Suite 210
    New York, NY 10013

    s/ Charles A. Gartland II
    Charles A. Gartland II
    (admitted *pro hac vice*)
    chuck.gartland@alston.com
    ALSTON & BIRD LLP
    1201 West Peachtree Street
    Atlanta, GA 30309-3424

    *Counsel for Plaintiff Mirant New York, LLC*